### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

|  |  |
|---|---|
| **In re:** | **Chapter 11**<br>**Case No. 25-10205-MAF** |
| **Portland Duck, LLC,** |  |
| **Debtor** |  |

**UNITED STATES TRUSTEE'S BRIEF IN RESPONSE TO COURT'S MINUTE ORDER DATED FEBRUARY 12, 2026 REGARDING PLAN CONFIRMATION [ECF NO. 97]**

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 1190 and 1191, William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**") hereby submits this brief in response to the Court's minute order dated February 12, 2026 [ECF No. 97] ("**Minute Order**") regarding the confirmation of the Chapter 11 Subchapter V plan ("**Plan**") filed by Portland Duck, LLC ("**Debtor**"). In response to the Court's Minute Order, the United States Trustee respectfully states, as follows:

#### SUMMARY

1.      The Debtor's Subchapter V Plan may not be confirmed consensually under 11 U.S.C. §§ 1191(a) and 1129 because not all impaired classes affirmatively voted in favor of the Plan. No votes were cast by creditors in impaired Class 3 (Allowed General Unsecured Claims). The acceptance of a plan by an impaired class must be in writing to confirm the plan as a consensual plan. 11 U.S.C. §§ 1126(a) and (f), 11 U.S.C. §§ 1129(a)(8) and (10), and Fed. R. Bankr. P. 3018(c). The United States Trustee does not oppose the confirmation of the Plan under §§ 1119(b) and 1129, as a nonconsensual plan. For this reason, the Court should confirm the Plan, if at all, under § 1191(b).

**PROCEDURAL BACKGROUND**

2.      On October 24, 2025 ("**Petition Date**"), the Debtor filed a voluntary chapter 11 petition with the Court and elected to proceed under subchapter V of chapter 11 ("**Subchapter V**").  ECF No. 1.

3.      Jeffrey T. Piampiano, Esq. was appointed by the United States Trustee to serve as the Subchapter V trustee.  ECF No. 7.

4.      The Debtor filed its Subchapter V Plan on December 23, 2025.  ECF No. 74.

5.      Generally, the Plan provides for creditors to be paid from the proceeds generated from the operation of the Debtor's business, the proceeds of any causes of action, refinancing allowed claims, and a post-confirmation unsecured loan from the Debtor's equity holder.  *Id.*, p. 11.  Pursuant to the Plan, the Debtor will use its monthly projected disposable income to fund the Plan payments to creditors.  *Id.*, pp. 10-11.

6.      In the Plan, the Debtor seeks confirmation under § 1191(b), if necessary.  *Id.*, pp. 1, 8.  The Plan states: "IF ANY CLASS OF CLAIMS SHOULD FAIL TO ACCEPT THE PLAN BY THE REQUISITE MAJORITY, THE BANKRUPTCY COURT MAY NONETHELESS ENTER AN ORDER CONFIRMING THE PLAN.  IF NECESSARY, THE DEBTOR INTENDS TO SEEK AN ORDER CONFIRMING THE PLAN ON A NON-CONSENSUAL BASIS PURSUANT TO § 1191(b) OF THE BANKRUPTCY CODE." *Id.*, p. 8.

7.      The Debtor filed its Certification of Plan Votes on February 9, 2026.  ECF No. 93.  It indicates that no votes were cast by creditors in impaired Class 3 (Allowed General Unsecured Claims).  *Id.*

8.      The deadline to file objections to confirmation of the Plan was February 5, 2026,

and the hearing on the confirmation of the Plan ("**Confirmation Hearing**") was scheduled for February 12, 2026.  ECF No. 75.  The United States Trustee did not file an objection to the Plan because the United States Trustee does not object to the confirmation of the Plan as a nonconsensual plan.

9.      At the Confirmation Hearing, the United States Trustee objected to the Debtor's request to confirm the Plan consensually under § 1191(a) because impaired Class 3 (Allowed General Unsecured Claims) did not affirmatively vote in favor of the Plan.

10.     The Court continued the Confirmation Hearing to March 13, 2026, and entered the Minute Order which provides, "By 03/05/2026, any party that participated in the 02/12/2026 hearing may file an optional brief on whether the plan could be confirmed under section 1191(a) or must be confirmed, if at all, under section 1191(b), as was discussed on the record."  ECF No. 97.

## LAW AND ANALYSIS

**The Plan Cannot Be Confirmed Consensually Because Not All Impaired Classes
Affirmatively Voted in Favor of the Plan.**

11.     Section 1191(a) of the Bankruptcy Code provides: "The court shall confirm a plan under this subchapter only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met."  11 U.S.C. § 1191(a).  Confirmation under § 1191(a) is referred to as "consensual."  *In re M.V.J. Auto World, Inc.*, 661 B.R. 186, 188 (Bankr. S.D. Fla. 2024).

12.     Section 1191(b) provides for confirmation, if "all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met... if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan."  11 U.S.C. § 1191(b).

Confirmation under § 1191(b) is referred to as "non-consensual." *In re M.V.J. Auto World, Inc.*, 661 B.R. at 188.

13.     Section 1129(a)(8) provides: "With respect to each class of claims or interests— (A) such class has accepted the plan; or (B) such class is not impaired under the plan." 11 U.S.C. § 1129(a)(8).

14.     Section 1129(a)(10) provides: "If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider."  11 U.S.C. § 1129(a)(10).

15.     For consensual confirmation in a Subchapter V case, the acceptances required by §§ 1129(a)(8) and (a)(10) are governed by the plain language of § 1126 and Fed. R. Bankr. P. 3018(c).

16.     Section 1126(a) provides that "[t]he holder of a claim . . . may accept or reject a plan."  11 U.S.C. § 1126(a).  Rule 3018(c) states that such acceptance or rejection must be in writing.  Fed. R. Bankr. P. 3018(c).

17.     The only exception to the general proposition that acceptances or rejections must be in writing is set forth in § 1126(f), which provides that unimpaired classes "are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required."  11 U.S.C. § 1126(f).

18.     Consequently, a class of claims is either unimpaired—and presumptively deemed to accept the plan—or it may vote in writing to accept or reject the plan.  *See* 11 U.S.C. § 1126(a), (f), and § 1129(a)(8).

19.     Here, the Plan provides that the claims of Classes 2 and 4 of the Plan are unimpaired by the Plan, and the claims held by Classes 1 and 3 are impaired by the Plan.  ECF

No. 74, pp. 9-11.

20.    The Certification of Plan Votes shows that no impaired creditors in Class 3 (Allowed General Unsecured Claims) voted to either accept or reject the Plan.  ECF No. 93.

21.    During the Confirmation Hearing, the Debtor requested that the Court ignore the plain language of the Bankruptcy Code and effectively deem the non-voting impaired class of creditors as having accepted the Plan under §§ 1129(a)(8) and 1191(a).

22.    Because the creditors in Class 3 did not cast any vote for the Plan, the Plan cannot be confirmed consensually under § 1191(a) because it fails to satisfy the requirements of § 1129(a)(8).  *See generally In re Thomas Orthodontics,* Case No. 23-25433-rmb, 2024 Bankr. LEXIS 2334, at *18 (Bankr. E.D. Wis. Sept. 25, 2024) ("a clear majority of courts have held that an impaired class cannot accept a chapter 11 plan by silence"); *In re M.V.J. Auto World*, 661 B.R. at 188-90 ("Because each class of impaired claims did not accept the Debtor's Plan, section 1129(a)(8) was not met.") (confirming Subchapter V plan with one accepting impaired class and one non-voting impaired class non-consensually under § 1191(b) and denying the debtor's request for consensual confirmation under § 1191(a)); *In re Creason*, No. 22-00988-swd, 2023 Bankr. LEXIS 478 (Bankr. W.D. Mich. Feb. 23, 2023) (rejecting consensual confirmation with a non-voting impaired class).

23.    Although there is a decision from the Southern District of Texas holding that a class where no creditor votes should be disregarded in a Subchapter V case (the case is *In re Franco's Paving LLC*, 654 B.R. 107 (Bankr. S.D. Tex. 2023)),[1] the United States Trustee respectfully notes that the weight of authority, including the most recent cases to address the

---

[1] That decision was cited favorably in another case in the same district.  *See In re Hot'z Power Wash, Inc*., 655 B.R. 107 (Bankr. S.D. Tex. 2023).

issue, have found the conclusions of that case unpersuasive and have held that § 1191(a) requires compliance with § 1129(a)(8), which requires affirmative acceptance by a class. *See, e.g., In re Thomas Orthodontics,* 2024 Bankr. LEXIS 2334 at *19 ("The Court concludes that the majority view is more persuasive, particularly considering the express provisions of § 1126."); *In re Florist Atlanta, Inc.*, No. 24-51980-pwb, 2024 Bankr. LEXIS 1842, at *3 (Bankr. N.D. Ga. Aug. 6, 2024) ("The Court…concludes, as most courts do, that acceptance for purposes of § 1129(a)(8) requires affirmative acceptance by the class."); *M.V.J. Auto World,* 661 B.R. at 189-90 (criticizing the reasoning of *Franco's Paving* and *Hot'z Power Wash*); *see also In re Creason*, 2023 Bankr. LEXIS 478 (2023) (decided prior to *Franco's Paving* but rejecting consensual confirmation with a non-voting impaired class); *In re Sushi Zushi of Tex.*, Nos. 24-51147-MMP, 24-51373-MMP, 24-51372-MMP, 24-51371-MMP, 2025 LEXIS 319454, at *11 (Bankr. W.D. Tex. Mar. 28, 2025) ("This Court joins the courts who have declined to adopt the *Franco's Paving* and *Hot'z Power Wash* approach").

24.     The court in *M.V.J. Auto World* provides a reasoned and detailed analysis of its disagreement "with the reasoning of the courts in *Hot'z Power Wash* and *Franco's Paving* as the Bankruptcy Code on this point is neither silent nor absurd, but, rather, unambiguous and consistent with the purposes of the Bankruptcy Code." *M.V.J. Auto World,* 661 B.R. at 189. The court referred to the analysis as "quite simple," because, as the Bankruptcy Code provisions set forth above clearly demonstrate,

> [i]n order to be consensually confirmed under section 1191(a), the Plan must satisfy section 1129(a)(8). Section 1129(a)8) requires that each impaired class accept the plan. Section 1126(c) provides that acceptance is calculated based on how many holders of allowed claims in the class have voted to accept the plan, not, as was required pre-Bankruptcy Code, based on the number of allowed claims.

*Id.* at 189-90. *Franco's Paving* mistakenly reasoned that Congress did not contemplate a class of

claims would not vote when it enacted § 1126, leaving a void in the statute. As the court in *M.V.J. Auto World* recognized, this is contradicted by the plain text of § 1126(a), which provides that the holder of a claim *may* accept or reject a plan, rather than a directive that a claimholder *shall* or must do so, and § 1126(c), which recognizes that some creditors may ultimately not vote. *Id*. at 189-90. *See* 11 U.S.C. § 1126(c) (calculating acceptance based on claim holders who voted). Moreover, as the court in *Thomas Orthodontics* added, because § 1126 includes various presumptions, "If Congress intended that a non-voting creditor would be presumed to have accepted the plan, Congress knew how to write that presumption into the statute. Congress did not." *In re Thomas Orthodontics*, 2024 Bankr. LEXIS 2334, at *19-20.

25.     The *Franco's Paving* Court also noted in its ruling that it found "compelling" the policy underlying *In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir. 1988), which adopted a minority position allowing for a plan to be deemed accepted by an impaired class. *Franco's Paving LLC*, 654 B.R. at 110. That position has been widely criticized outside the Tenth Circuit and conflicts with the express language of Fed. R. Bankr. P. 3018(c). *See* 7 Collier on Bankruptcy ¶ 1129.02 (16th ed. 2026) ("An unfortunate decision was rendered by the Court of Appeals for the Tenth Circuit which can have the effect, if followed, of setting the law on its ear.") (citing list of decisions rejecting *Ruti-Sweetwater*). Courts confirming plans in Subchapter V cases after this decision have rejected this approach as well. *See, e.g., Florist Atlanta,* 2024 Bankr. LEXIS 1842 at *3 (expressly declining to adopt this theory); *In re M.V.J. Auto World, Inc.*, 661 B.R. at 189-90 (disagreeing with the reasoning of the courts in *Hot'z Power Wash* and *Franco's Paving*).

26.     Section 1129(a)(8) applies in all chapter 11 cases, not just cases under Subchapter V. *In re Thomas Orthodontics*, 2024 Bankr. LEXIS 2334, at *20. To the extent that

- 7 -

policy considerations regarding the encouragement of consensual Subchapter V plans drove the decision in *Franco's Paving,* the court in *Thomas Orthodontics* emphasized that it "cannot use this policy to contravene the express requirements of the applicable statutes and rules." *Id*. The court reasoned that "Nothing in the Bankruptcy Code or rules suggests that the Court can adopt an interpretation of § 1129(a)(8), § 1126, and Rule 3018 that is unique to subchapter V. Perceptions of the purpose of subchapter V should not dictate the interpretation of a provision of general application." *Id.*

27.    The outcome of voting on a Subchapter V plan is critical because there are significant differences between a consensual confirmation under § 1191(a) and a cramdown non-consensual confirmation under § 1191(b).  Consensual confirmation under § 1191(a) carries significant benefits for debtors over a § 1191(b) confirmation.  Allowing debtors to claim consensual confirmation based on non-voting creditors would frustrate the intent of Congress and the Subchapter V statutory scheme by removing much of the incentive for Subchapter V debtors to win true consensual acceptance of proposed plans.  Importantly, though, if debtors do not obtain the affirmative acceptance of impaired classes, it does not foreclose relief; debtors still retain the option to confirm plans under § 1191(b) as an alternative if their plans are fair and equitable and do not discriminate unfairly.

28.    Accordingly, under the plain language of the Bankruptcy Code and the weight of relevant authority, the Debtor's effort to deem non-voting impaired classes as having accepted the Plan must fail.  Instead, § 1126 applies, and obtaining acceptances is the way to determine whether the Plan is consensual or not.  Impaired creditors have no affirmative obligation to act on a plan and thus, no inference can be drawn from their silence. *See, e.g.,* 11 U.S.C. § 1126(a) (providing that creditors "may" vote on a plan); *In re SunEdison, Inc.*, 576 B.R. 453, 460–461

(Bankr. S.D.N.Y. 2017) (holding creditors had no duty to speak regarding a plan that would allow a court to infer consent to a third-party release from silence).

## CONCLUSION

29.     The Debtor's request that the Plan be confirmed as a consensual plan under § 1191(a) does not meet the requirements of the Bankruptcy Code.  For the reasons detailed above, the Court should deny such request and, instead, confirm the Plan as a nonconsensual plan.

**WHEREFORE**, the United States Trustee hereby submits this brief in response to the Court's Minute Order dated February 12, 2026 [ECF No. 97].

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE

By:    /s/ Ann Marie Dirsa

Dated: March 3, 2026                Ann Marie Dirsa BNH# 06121
Office of the U.S. Trustee
53 Pleasant Street, Suite 2300
Concord, NH 03301
(603) 333-2781

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I served copies of the foregoing pleading(s) entitled United States Trustee's Brief in Response to Court's Minute Order Dated February 12, 2026 Regarding Plan Confirmation [ECF No. 97] to all parties named below by United States first class postage prepaid mail at the address(es) listed or in such other manner as I have indicated:

Via the Court's CM/ECF system to:

- Bodie B. Colwell
- Anthony J. Manhart
- Jeffrey T. Piampiano
- Adam R. Prescott

I, <u>Ann Marie Dirsa</u>, certify that I am eighteen (18) years of age or older, and under penalty of perjury, that the foregoing is true and correct.


Dated: March 3, 2026                    By:      /s/ Ann Marie Dirsa
                                                 Ann Marie Dirsa, BNH 06121
                                                 Office of the U.S. Trustee
                                                 53 Pleasant Street, Suite 2300
                                                 Concord, NH 03301
                                                 (603) 333-2781